Filed 12/11/15  P. v. Stephan CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SAMIH STEPHAN,<br><br>    Defendant and Appellant. | H040062<br>(Santa Clara County<br> Super. Ct. No. C1244107) |

Defendant Samih Stephan appeals from a judgment entered following a jury trial. On appeal, defendant argues that there was insufficient evidence to support his conviction for grand theft.  (Pen. Code, §§ 484, 487, subd. (a).)[1]

### STATEMENT OF THE FACTS AND CASE

This case arises out of a series of theft offenses that defendant committed over six days.  Defendant was charged and convicted of robbery of two hotels, two drugstores and one bank.  (§§ 211, 212.5, subd. (c); counts 1 through 5.)  Defendant does not dispute these convictions.[2]

---

[1] All further statutory references are to the Penal Code.

[2] The facts underlying these convictions are omitted because they are not relevant to the issues on appeal.

In addition to the robberies noted above, defendant was also charged with grand theft of hotel keys. (§§ 484, 487, subd. (a); count 6.) Defendant acknowledges that he stole the hotel keys, but argues that the keys were not worth more than $950, and as a result, he should have been convicted of petty theft.

On the night of October 26, 2012, when the assistant general manager of the Plaza Suites Hotel, Adrian Flores arrived at work, he was informed by hotel staff that the hotel keys were missing. These keys included the entrance key, the outside-emergency key, a lock-out key, and others. The lockout key allowed the hotel to make a guest's key inoperable so as to lock the guest out of their room.

To address the issue of the missing keys, the hotel hired a locksmith to change the locks and keys. The lock-out key was deprogrammed, a new master set of keys was created, and the locksmith started replacing the locks on the individual hotel rooms. Before the locksmith completed the job, the police informed Flores that the keys had been recovered. Flores contacted the locksmith and told him to stop the job.

Flores gave conflicting testimony at trial about the locksmith's charges. On direct examination, Flores testified that he received an invoice from the locksmith for $5,000 reflecting the work completed. On cross-examination, Flores said that he may have told the police it was going to cost the hotel $1,600 to replace the locks and keys. At the preliminary hearing, Flores testified that he thought it was going to cost the hotel approximately $3,000 to replace the locks and keys. Flores did not bring the locksmith's invoice to court. There was no evidence presented regarding the market value of the keys.

Following his conviction for the robberies and grand theft, defendant was sentenced to state prison for a total term of nine years eight months. Defendant filed a timely notice of appeal.

DISCUSSION

Defendant argues that there was insufficient evidence to support his conviction for grand theft, because the prosecution only presented value of the incidental costs associated with the loss of the keys, not the market value of the keys themselves.

"In reviewing the sufficiency of evidence under the due process clause of the Fourteenth Amendment to the United States Constitution, the question we ask is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (*People v. Rowland* (1992) 4 Cal.4th 238, 269, quoting *Jackson v. Virginia* (1979) 443 U.S. 307, 319.) We apply an identical standard under the California Constitution. (*Ibid.*) "In determining whether a reasonable trier of fact could have found defendant guilty beyond a reasonable doubt, the appellate court 'must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " (*People v. Johnson* (1980) 26 Cal.3d 557, 576.)

Here, defendant was charged with grand theft in connection with his stealing the hotel keys. Grand theft is defined as stealing the property of another that is "of a value exceeding nine hundred fifty dollars ($950)." (§ 487, subd. (a).) Theft not defined as grand theft is petty theft. (§ 488.)

At trial, the prosecution produced evidence that as a result of the theft of the keys, the hotel hired a locksmith to start changing the locks, but stopped working once the stolen keys were recovered. The hotel manager had wavered in his testimony and statement to police about the costs associated with the locksmith's work, estimating amounts from $1,600 to $5,000. He testified at trial that if the job had been completed, the hotel would have incurred a total of $10,000 in locksmith fees. The manager did not produce the locksmith's invoice at trial. During closing argument, the prosecutor

acknowledged the fact that while the hotel manager's estimate of the locksmith's fees changed over time, by any account the amount the hotel paid in connection with the stolen keys was over $950, and therefore defendant was guilty of grand theft.

Our review of the record shows that there was insufficient evidence to support defendant's conviction for grand theft. Incidental costs associated with the theft of property are not sufficient to support a finding of the value of the stolen property. (*People v. Simpson* (1938) 26 Cal.App.2d 223, 228-229 (*Simpson*).) In *Simpson*, the defendant was convicted of stealing magnetos from 12 tractors. In reversing defendant's conviction for grand theft, the Court of Appeal concluded among other things that the trial court had erred in allowing evidence of the costs of reinstalling the magnetos. The court reasoned: "It is not a question of what an owner would have to pay for reinstalling a magneto; it is the market value thereof which is to be considered by the jury in determining whether the offense is a felony or only a misdemeanor." (*Id.* at p. 229.)

Here, there was no evidence of the market value of the stolen keys. The only evidence presented regarding the value of the keys was the locksmith's fees for replacing some of the hotel's locks. These costs are incidental to the theft of the keys, and not evidence of the value of the keys themselves. (*Simpson, supra,* 26 Cal.App.2d. at p. 229.) As a result, defendant's conviction of grand theft is not supported by the evidence.[3]

The Attorney General offers an unpersuasive argument that count six qualifies as a felony, and agrees with *Simpson*, that the remedy under the circumstances is to reduce the charge to a misdemeanor. While retrial of this charge is barred, this court can modify the verdict to reflect a conviction of the lesser crime of petty theft. (§ 1181, subd. 6; see also, *Simpson, supra*, 26 Cal.App.2d at pp. 229-230.)

---

[3] Defendant's additional arguments on appeal regarding instructional error and ineffective assistance of counsel are moot in light of our disposition in this case.

4

**DISPOSITION**

The judgment is modified to reflect that the conviction in count six for grand theft is reduced to petty theft. (§§ 484, 488.) The matter is remanded to the trial court for resentencing on count six in light of the reduction of the charge to a misdemeanor.

_____

RUSHING, P.J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.

*People v. Stephan*
**H040062**